No. 26-30184

IN THE

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

**CAROLYN P. SANDERS,**

Plaintiff-Appellant,

v.

**COMMUNITY ACADEMIES OF NEW ORLEANS, INC.,**

Defendant-Appellee.

_____

On Appeal from the United States District Court

for the Eastern District of Louisiana

Civil Action No. No. 2:24-cv-01921

_____

**BRIEF OF PLAINTIFF-APPELLANT**

**CAROLYN P. SANDERS (PRO SE)**

_____

Carolyn P. Sanders
P.O. Box 7123
Metairie, LA 70010
(504) 875-6768
carolprice609@gmail.com
**Plaintiff-Appellant, Pro Se**

1

**No. 26-30184**

CAROLYN P. SANDERS,

Plaintiff-Appellant

v.

COMMUNITY ACADEMIES OF NEW ORLEANS, INC.,

Defendant-Appellee

## CERTIFICATE OF INTERESTED PERSONS

The undersigned *pro se* Plaintiff-Appellant certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. **Carolyn P. Sanders**, Plaintiff-Appellant (*pro se*);

2. **Community Academies of New Orleans, Inc.**, Defendant-Appellee (a Louisiana nonprofit corporation operating Lafayette Academy charter school);

3. **Hailey, McNamara, Hall, Larmann & Papale, L.L.P.**, and Darren A. Patin, counsel for Defendant-Appellee; and

4. **The Honorable Karen Wells Roby**, United States Magistrate Judge, who entered the judgment under review.

No publicly traded company or corporation has an interest in the outcome of this case.

**<u>Plaintiff/Appellant</u>**

Carolyn P. Sanders, Pro se

**<u>Defendant/Appellee</u>**

Community Academies of New Orleans, Inc.

**<u>Counsel for Defendant/Appellee</u>**

Darren A. Patin. Esq.
HAILEY, Mc NAMARA, L.L.P.
3445 N. Causeway Blvd.
Metairie, LA  70002
Telephone: (504) 836-6500
Fax: (504) 836-6565

By: /s/ Carolyn P. Sanders
Carolyn P. Sanders,
Plaintiff-Appellant, Pro Se

**STATEMENT REGARDING ORAL ARGUMENT**

Pursuant to Federal Rule of Appellate Procedure 34(a) and Fifth Circuit Rule 28.2.3, Appellant respectfully requests oral argument. This appeal presents a recurring and dispositive question of law: whether a district court may grant summary judgment on the "disability" element of an Americans with Disabilities Act claim by applying the narrow, pre-amendment construction of "substantially limits." Because the judgment below rests on a regulatory text and case law that Congress superseded in the ADA Amendments Act of 2008, oral argument would aid the Court in applying the correct, broadened standard to the summary-judgment record.

**TABLE OF CONTENTS**

**CERTIFICATE OF INTERESTED PERSONS**.................................................**2**

**STATEMENT REGARDING ORAL ARGUMENT**.........................................**4**

**TABLE OF AUTHORITIES**...........................................................................**7**

**JURISDICTIONAL STATEMENT**...................................................................**9**

**STATEMENT OF THE ISSUES**.....................................................................**10**

**STATEMENT OF THE CASE**.........................................................................**11**

**SUMMARY OF THE ARGUMENT**................................................................**14**

**STANDARD OF REVIEW**..............................................................................**16**

**ARGUMENT**.....................................................................................................**17**

I. The District Court Applied a Legal Standard That Congress Abolished in
2008................................................................................................................17

A. The ADA Amendments Act Overruled the Narrow Construction of
"Substantially Limits" and Commands Broad Coverage. ........................17

B. The District Court Applied the Superseded Regulation and Pre-2008 Case
Law. ...............................................................................................................19

C. Under the Correct Standard, Sanders's Lumbar Radiculopathy Is, at
Minimum, a Triable Disability. ...............................................................20

II. The District Court Erred in Treating the Impairment as Categorically "Temporary." ...................................................................................20

III. The District Court Did Not Apply the Amended "Regarded As" Standard. ...................................................................................21

IV. Genuine Disputes of Material Fact Preclude Summary Judgment. ........22

**CONCLUSION**....................................................................................**24**

**CERTIFICATE OF COMPLIANCE** ............................................**25**

**CERTIFICATE OF SERVICE** ....................................................**26**

## TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby*, Inc., 477 U.S. 242 (1986)........................................16

*Cannon v. Jacobs Field Servs. N. Am.*, Inc., 813 F.3d 586 (5th Cir. 2016) .......18

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ....................................................16

*E.E.O.C. v. Chevron Phillips Chem. Co.*, 570 F.3d 606 (5th Cir. 2009)............16

*E.E.O.C. v. LHC Grp.*, Inc., 773 F.3d 688 (5th Cir. 2014)................................16

*Feist v. Louisiana*, 730 F.3d 450 (5th Cir. 2013)................................................16

*Haines v. Kerner*, 404 U.S. 519 (1972) ...............................................................16

*Reeves v. Sanderson Plumbing Prods.*, Inc., 530 U.S. 133 (2000) ....................16

*Sutton v. United Air Lines*, Inc., 527 U.S. 471 (1999)........................................17

*Talk v. Delta Air Lines*, Inc., 165 F.3d 1021 (5th Cir. 1999) ............................12

*Tolan v. Cotton*, 572 U.S. 650 (2014)..................................................................16

Toyota Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184 (2002).......................17

*Waldrip v. Gen. Elec. Co.*, 325 F.3d 652 (5th Cir. 2003)...................................19

**Statutes**

ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553 .............12

28 U.S.C. § 636(c) ...................................................................................................9

28 U.S.C. § 1291 .....................................................................................................9

28 U.S.C. § 1331 .....................................................................................................9

42 U.S.C. § 12101 ...................................................................................................9

42 U.S.C. § 12102...................................................................................................14

**Regulations and Rules**

29 C.F.R. § 1630.2(i) .............................................................................................10

29 C.F.R. § 1630.2(j) .............................................................................................12

Fed. R. App. P. 4.....................................................................................................9

Fed. R. App. P. 32..................................................................................................18

Fed. R. Civ. P. 56...................................................................................................16

Fed. R. Civ. P. 59(e)................................................................................................9

No. 26-30184

**In the
United States Court of Appeals
For the Fifth Circuit**
_____

Carolyn P. Sanders,
Plaintiff, Appellant

v.

Community Academies of New Orleans, Inc.,
Defendant, Appellee
_____

On Appeal from the United States District Court
For the Eastern District of Louisiana, New Orleans Division
Civil Action No. 2:24-cv-01921
_____

**BRIEF OF APPELLANT
CAROLYN P. SANDERS, PRO SE**
_____

TO THE HONORABLE U.S. COURT OF APPEALS FOR THE FIFTH CIRCUIT:

This appeal concerns the request that the correct ruling  of law concerning ADA Amendments of 2008 should be applied to my case in the above referenced court.

## JURISDICTIONAL STATEMENT

The district court had subject-matter jurisdiction under 28 U.S.C. § 1331 because Appellant's claim arises under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* The parties consented to disposition by a United States Magistrate Judge under 28 U.S.C. § 636(c), and the Magistrate Judge entered final judgment.

This Court has jurisdiction under 28 U.S.C. §§ 1291 and 636(c)(3). The district court granted summary judgment dismissing the action with prejudice on September 9, 2025. ROA. 36. Appellant timely moved to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), which the district court denied. Appellant filed a timely notice of appeal thereafter. *See* Fed. R. App. P. 4(a)(4)(A)(iv). The judgment disposes of all claims of all parties and is final and appealable.

**STATEMENT OF THE ISSUES**

1. Whether the district court committed reversible legal error by adjudicating the "disability" element under the pre-amendment construction of "substantially limits," including a superseded version of 29 C.F.R. § 1630.2(j) and pre-2008 decisions such as *Talk* and *Waldrip*, rather than the broadened standard mandated by the ADA Amendments Act of 2008.

2. Whether the district court erred in holding, as a matter of law, that an impairment limiting the major life activities of standing, walking, bending, and lifting was merely "temporary" and therefore not a disability, when the amended Act and its regulations provide that short-duration and episodic impairments may be substantially limiting.

3. Whether the district court failed to apply the amended "regarded as" standard, under which a plaintiff need not show that the employer perceived a substantial limitation of a major life activity.

4. Whether genuine disputes of material fact, including the contents of the treating neurosurgeon's May 31, 2023 letter and the causal link between Appellant's impairment and her separation, preclude summary judgment.

## STATEMENT OF THE CASE

### A. Factual Background

Carolyn Sanders worked for Choice Foundation Charter Management Group for over a decade as an ELA Interventionist/School Test Coordinator and Sanders was hired by ("CANO") on July 1, 2020 Community Academies of New Orleans, Inc. ("CANO") for about 3 years, most recently as an ELA Interventionist and Testing Services Coordinator at CANO's Paul Dunbar campus during the 2022-23 school year. ROA. 36.1. On March 5, 2023, Sanders notified CANO's human-resources director and her principal that she needed leave for vision problems requiring eye surgery and for joint and low-back pain. ROA. 36.5,9.  CANO granted leave under the Family and Medical Leave Act and unpaid leave. ROA. 36.8.

Sanders's treating neurosurgeon, Dr. Thomas Francavilla, examined her, ordered physical therapy, and on May 31, 2023 wrote to CANO and its insurer stating that her condition required reasonable accommodations and referring her for pain management. ROA. 3.5;  ROA. 32.2. On June 2, 2023, Dr. Francavilla diagnosed lumbar radiculopathy and completed a physician's statement restricting Sanders from prolonged standing and walking. ROA. 36.9. Lumbar radiculopathy is a neurological and musculoskeletal condition arising from compression of a nerve root in the spine. ROA. 36.3 & n.1.

On June 26, 2023, CANO informed Sanders that her leave was exhausted and that her employment would end effective July 1, 2023.  ROA. 36.2. CANO has

characterized the separation as part of a reduction in force tied to the consolidation of its lower and middle schools. ROA. 36.1-2.

### B. Proceedings Below

Sanders exhausted her administrative remedies, receiving a right-to-sue notice on June 3, 2024, and filed suit under the ADA on August 1, 2024, alleging disability discrimination and failure to accommodate. ROA. 36.3. CANO moved for summary judgment. ROA. 24. Sanders opposed. ROA. Doc. 32.

On September 9, 2025, the district court granted summary judgment and dismissed the ADA claim with prejudice. ROA. 36.11-12. The court held that Sanders "has failed to establish that she had a disability" because there was "no evidence of a substantially limiting impairment." ROA. 36.11. In reaching that conclusion, the court applied the standard that "'[s]ubstantially limits' means: (i) [u]nable to perform a major life activity that the average person in the general population can perform; or (ii) [s]ignificantly restricted" in the condition, manner, or duration of performance, quoting 29 C.F.R. § 1630.2(j)(1). ROA. 36.7. The court further reasoned that "mere difficulty in standing or walking is not sufficient to establish a substantial limitation," citing *Talk v. Delta Airlines* and pre-2008 out-of-circuit decisions, and that Sanders's impairment was "temporary." ROA. 36.9-11. Sanders moved for reconsideration under Rule 59(e), arguing that the court had

failed to apply the ADA Amendments Act of 2008. The court denied that motion,

and this appeal followed.

## SUMMARY OF THE ARGUMENT

The judgment rests on a legal standard that no longer exists. In 2008, Congress enacted the ADA Amendments Act precisely because courts had read "substantially limits" too narrowly. The Act commands that the definition of disability "shall be construed in favor of broad coverage" and "to the maximum extent permitted." 42 U.S.C. § 12102(4)(A). It expressly rejected the Supreme Court's decisions in *Sutton* and *Toyota* and the "demanding standard" those cases imposed. The implementing regulations were rewritten in 2011 to delete the very "unable to perform" and "significantly restricted" language on which the district court relied.

The district court applied the discarded standard verbatim. It quoted the pre-amendment text of 29 C.F.R. § 1630.2(j)(1), demanded a showing that Sanders was "unable" or "significantly restricted," and rested its "difficulty in standing or walking" holding on *Talk* (1999) and *Waldrip* (2003). Those authorities embody the standard Congress abolished. Applying the correct, broadened standard, Sanders's lumbar radiculopathy, a neurological and musculoskeletal impairment that restricts the expressly enumerated major life activities of standing, walking, bending, and lifting, is, at minimum, a triable disability. *See* 42 U.S.C. § 12102(2)(A)-(B); *Cannon v. Jacobs Field Servs. N. Am., Inc.*, 813 F.3d 586 (5th Cir. 2016).

The court's "temporary" rationale fails for the same reason: post-amendment, an impairment lasting fewer than six months can be substantially limiting, and an

14

episodic impairment is judged in its active state. 29 C.F.R. § 1630.2(j)(1)(ix); 42 U.S.C. § 12102(4)(D). The court also never applied the amended "regarded as" test, which no longer requires a perceived substantial limitation. 42 U.S.C. § 12102(3)(A). Finally, the record contains genuine disputes, including the neurosurgeon's May 31 letter stating that accommodations were required, that a court may not resolve on summary judgment. The judgment should be reversed and the case remanded.

## STANDARD OF REVIEW

This Court reviews a grant of summary judgment *de novo*, applying the same standard as the district court. *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014). Summary judgment is proper only if there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in her favor, without weighing evidence or making credibility findings. *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (per curiam); *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Whether the district court applied the correct legal standard is a question of law reviewed *de novo*. A *pro se* litigant's filings are construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

## ARGUMENT

### I. The District Court Applied a Legal Standard That Congress Abolished in 2008.

### A. The ADA Amendments Act Overruled the Narrow Construction of "Substantially Limits" and Commands Broad Coverage.

The ADA defines "disability" to include "a physical or mental impairment that substantially limits one or more major life activities," "a record of such an impairment," or "being regarded as having such an impairment." 42 U.S.C. § 12102(1). For nearly a decade, courts read the phrase "substantially limits" narrowly, following *Sutton v. United Air Lines, Inc.*, 527 U.S. 471 (1999), and *Toyota Motor Manufacturing, Kentucky, Inc. v. Williams*, 534 U.S. 184 (2002), which required an impairment to "prevent[] or severely restrict[]" a central life activity. *Id.* at 198.

Congress responded with the ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553 (effective Jan. 1, 2009). The Act's express purposes were "to reject" the holding of *Sutton* and "to reject" the "demanding standard for qualifying as disabled" announced in *Toyota*. ADAAA § 2(b)(2), (b)(4). Congress directed that "the question of whether an individual's impairment is a disability under the ADA should not demand extensive analysis." *Id.* § 2(b)(5).

The Act wrote new rules of construction into the statute. The definition of disability "shall be construed in favor of broad coverage of individuals under this chapter, to the maximum extent permitted by the terms of this chapter." 42 U.S.C. § 12102(4)(A). "An impairment that substantially limits one major life activity need

not limit other major life activities in order to be considered a disability." *Id.* §

12102(4)(C). And "[a]n impairment that is episodic or in remission is a disability if

it would substantially limit a major life activity when active." *Id.* § 12102(4)(D).

Congress also enumerated the qualifying activities. "Major life activities"

expressly include "standing, lifting, bending, … walking, … and working," 42

U.S.C. § 12102(2)(A), and major life activities also include "the operation of a major

bodily function," such as "neurological" and musculoskeletal functions, *id.* §

12102(2)(B); 29 C.F.R. § 1630.2(i)(1)(ii). Implementing the Act, the EEOC rewrote

29 C.F.R. § 1630.2(j) in 2011. The amended regulation provides that "substantially

limits" is "not meant to be a demanding standard," that an impairment "need not

prevent, or significantly or severely restrict," a major life activity, and that the

comparison is to "most people in the general population." 29 C.F.R. §

1630.2(j)(1)(i)-(ii). The amendments deleted the prior "unable to perform" and

"significantly restricted" formulation entirely.

This Court has recognized that the amendments "significantly broadened" the

ADA's coverage. In *Cannon v. Jacobs Field Services North America, Inc.*, 813 F.3d

586 (5th Cir. 2016), the Court reversed summary judgment for an employer where

the plaintiff's shoulder injury restricted lifting and reaching, holding that, under the

amended standard, such restrictions could be substantially limiting and that the

question was for the factfinder. *Id.* at 590-92. The post-amendment inquiry focuses

attention on whether discrimination occurred, not on threshold coverage. *See LHC Grp.*, 773 F.3d at 695-97.

### B. The District Court Applied the Superseded Regulation and Pre-2008 Case Law.

The order under review does not apply the amended standard; it applies the one Congress repealed. The court recited that "'[s]ubstantially limits' means: (i) [u]nable to perform a major life activity that the average person in the general population can perform; or (ii) [s]ignificantly restricted," quoting 29 C.F.R. § 1630.2(j)(1). R. Doc. 36 at 7. That language is the *pre-amendment* text. The 2011 regulations deleted it and replaced it with the broad-construction rules described above. By measuring Sanders's impairment against a "significantly restricted" yardstick, the court asked the wrong legal question.

The error compounded when the court held that "mere difficulty in standing or walking is not sufficient to establish a substantial limitation," relying on *Talk v. Delta Airlines, Inc.*, 165 F.3d 1021 (5th Cir. 1999), *Waldrip v. General Electric Co.*, 325 F.3d 652 (5th Cir. 2003), and pre-2008 out-of-circuit decisions. R. Doc. 36 at 9-10. Each of those decisions predates and applies the standard the ADAAA abolished. *Talk* and *Waldrip* were decided under *Sutton* and *Toyota*. Reliance on them as controlling "difficulty in walking" authority is reversible legal error. *Cf. Cannon*, 813 F.3d at 590-91 (declining to apply pre-amendment cases).

The court's reliance on *Waldrip* for the proposition that "[t]emporary, occasional and sporadic" conditions are "the opposite of" a substantially limiting impairment, ROA. 36.9, is the clearest marker of the error. That sentence states the *Toyota* standard. Congress replaced it.

### C. Under the Correct Standard, Sanders's Lumbar Radiculopathy Is, at Minimum, a Triable Disability.

Applied correctly, the record readily supports coverage. Sanders's treating neurosurgeon diagnosed lumbar radiculopathy and restricted her from prolonged standing and walking. ROA. 36.9. Standing, walking, bending, and lifting are expressly enumerated major life activities. 42 U.S.C. § 12102(2)(A). A single such activity suffices. *Id.* § 12102(4)(C). Radiculopathy is, by the district court's own description, a condition of the nerve roots of the spine, ROA. 36.3 & n.1, implicating the major bodily functions of the neurological and musculoskeletal systems. *Id.* § 12102(2)(B); 29 C.F.R. § 1630.2(i)(1)(ii). Because "substantially limits" is "not … a demanding standard" and requires no "severe" restriction, 29 C.F.R. § 1630.2(j)(1)(i)-(ii), a restriction on prolonged standing and walking is enough to reach a jury. *Cannon*, 813 F.3d at 590-92.

### II. The District Court Erred in Treating the Impairment as Categorically "Temporary."

The court held that Sanders failed because her limitation was "anything other than temporary," noting that her physician expected a return to function by August 31, 2023. ROA. 36.10-11. That reasoning misstates current law in two ways.

First, duration is no longer dispositive of actual disability. The EEOC regulation states that "[t]he effects of an impairment lasting or expected to last fewer than six months can be substantially limiting." 29 C.F.R. § 1630.2(j)(1)(ix). The six-month "transitory and minor" exception applies *only* to the "regarded as" prong, not to the actual-disability prong. 42 U.S.C. § 12102(3)(B). The court applied a transitory-impairment bar that the actual-disability analysis does not contain.

Second, even an impairment that improves is judged in its active state. "An impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active." 42 U.S.C. § 12102(4)(D); 29 C.F.R. § 1630.2(j)(1)(vii). The district court actually cited subsection (j)(1)(vii), ROA. 36.8, but then declined to apply it, instead treating the expected recovery date as fatal. Radiculopathy and sciatica are paradigmatic episodic, flare-driven conditions; the proper question was whether the impairment substantially limited Sanders when active, not whether she might improve.

## III. The District Court Did Not Apply the Amended "Regarded As" Standard.

Sanders also proceeded on a "regarded as" theory. ROA. 36.6-7. Post-amendment, a plaintiff satisfies that prong by showing she was subjected to a

prohibited action "because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A). The employer's perception of a substantial limitation is no longer required. The district court, however, analyzed "regarded as" under the older framework requiring awareness of "the specifics of an employee's disabilities or restrictions," ROA. 36.6-7, and never addressed the amended text. CANO indisputably knew of Sanders's impairment and the physician's restrictions before ending her employment. ROA. 36.8-9. That knowledge, paired with the separation, raises a triable "regarded as" claim under § 12102(3)(A).

## IV. Genuine Disputes of Material Fact Preclude Summary Judgment.

Even setting aside the legal error, the record contains genuine disputes that a court may not resolve on summary judgment. *Tolan*, 572 U.S. at 657. Sanders presented evidence that on May 31, 2023, Dr. Francavilla wrote to CANO and its insurer stating that her condition "would require reasonable accommodations" and referring her to pain management. ROA.  36-5.; ROA. 32.2. That letter is direct evidence both that CANO had notice of a disability and its limitations and that an accommodation request was made, two elements the court treated as absent. ROA. 36.6.  A reasonable jury crediting Sanders's evidence could find that CANO knew of her condition, failed to engage in the interactive process, and ended her employment while a substantially limiting impairment was active and a long-term

22

disability claim was pending. *See Feist v. Louisiana*, 730 F.3d 450, 452-53 (5th Cir. 2013); *E.E.O.C. v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 618 (5th Cir. 2009) (substantial-limitation questions are ordinarily for the factfinder). Drawing inferences in CANO's favor, as the court did, was error. *Reeves*, 530 U.S. at 150-51.

# CONCLUSION

For the foregoing reasons, Appellant respectfully requests that this Court reverse the judgment of the district court and remand for further proceedings under the correct, post-amendment standard governing the definition of disability.

Respectfully submitted,


 /s/  Carolyn P. Sanders
Carolyn P. Sanders
[P.O. Box 7123
Metairie, LA 70010
(504) 875-6768
carolprice609@gmail.com
**Plaintiff-Appellant, Pro Se**

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 3,665 words, excluding the parts exempted by Rule 32(f).

2. This brief complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Times New Roman 14-point font.

By: /s/ Carolyn P Sanders
Carolyn P. Sanders,
Plaintiff-Appellant, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2026, I electronically filed the foregoing Brief of Plaintiff-Appellant with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit using the CM/ECF system, which will send notification of such filing to all counsel of record, including counsel for Defendant-Appellee:

Darren A. Patin
Hailey, McNamara, Hall, Larmann & Papale, L.L.P.
3445 N. Causeway Blvd., Suite 800
Metairie, LA 70002
dpatin@hmhlp.com
Counsel for Defendant-Appellee

_By: /s/ Carolyn P. Sanders
Carolyn P. Sanders,
Plaintiff-Appellant, Pro Se

26